UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ZELJKO PETROVIC,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD., a
foreign corporation d/b/a PRINCESS
CRUISES, INC.,
STEINER TRANSOCEAN LIMITED,
STEINER LEISURE LIMITED, and
STEINER TRANSOCEAN U.S., INC.,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

2. Defendants, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendants are subject to the jurisdiction of the Courts of this state.

4. The causes of action asserted in this Complaint arise under Jones Act, 46 U.S.C. Section 688, and the General Maritime Law of the United States.

5. At all times material hereto, Defendant, PRINCESS CRUISES INC., owned, operated, managed, maintained and/or controlled the vessel M/S Diamond Princess. This vessel was registered in a flag of convenience.

6. At all times material hereto, Plaintiff's employer was an agent of the shipowner and/or ship operator.

7. On or about August 6, 2010, while aboard the M/S Diamond Princess, Plaintiff became ill and reported to the ship's medical hospital. The ship's doctor and/or nurses diagnosed, treated and/or provided medical care to the Plaintiff. However, the diagnosis, treatment and/or medical care provided to the Plaintiff was inadequate, improper, incomplete, and delayed (hereinafter "negligent treatment"). This negligent treatment aggravated Plaintiff's illness and/or injury(ies), which resulted in Plaintiff suffering permanent heart damage.

8. At all times material hereto, while the M/S Diamond Princess was docked at a U.S. port, Defendants provided Plaintiff with inadequate, improper, incomplete, and/or delayed medical care and/or treatment.

COUNT I<br>JONES ACT NEGLIGENCE

9. Plaintiff realleges, incorporates by reference and adopts paragraphs one through eight as though originally alleged herein.

10. It was the duty of Defendants to use reasonable care when providing medical care and/or treatment to the Plaintiff.

11. On or about the above referenced date(s), Plaintiff was injured while aboard the vessel as a result of delayed, improper, incomplete, and/or inadequate medical care and/or treatment.

12. Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

    a. Defendants failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of his employment with Defendants.

    b. Defendants failed to provide prompt, proper, complete and adequate medical care to the Plaintiff, which aggravated Plaintiff's injuries and caused him additional pain and disability;

    c. Defendants failed to follow sound management practices with the goal of providing Plaintiff a safe place to work.

    d. Defendants failed to perform an adequate pre-employment physical on the Plaintiff in order to be able to determine the fitness level of and ability to perform the tasks required of him and to be able to determine any dangers that the physical condition of the Plaintiff would subject the plaintiff to while in Defendants' employ.

    e. Defendants failed to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff.

    f. Defendants failed to equip the ship's medical facility with proper and adequate medical diagnostic and treating equipment to enable the ship's medical care providers to properly provide for the plaintiff's medical needs.

    g. Defendants failed to properly manage Plaintiff's medical care after Plaintiff was injured and up to the time when he was declared at maximum medical improvement.

13. At all material times hereto, Defendants violated the International Safety Management Code and failed to have proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessels on which the Plaintiff served.  All of the above caused the Plaintiff to be injured and to not receive adequate care for his injuries.

14. Defendants knew of the foregoing conditions causing Plaintiff's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

15. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and

treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

16. Plaintiff re-alleges, incorporates by reference and adopts paragraphs one through eight as though they were originally alleged herein.

17. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant, PRINCESS CRUISES INC., vessel, which was in navigable waters.

18. At all times material hereto, the vessel was owned, managed, operated and/or controlled by the Defendant, PRINCESS CRUISES INC.

19. Defendants had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

20. On or about the previously stated date the unsearworthiness of Defendant, PRINCESS CRUISES INC., vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The vessel was unsafe and unfit due to the conditions created by Defendants as follows:  1) Failing to promulgate and/or enforce adequate policies and

procedures for providing medical treatment and/or handling illnesses, such as Plaintiff's illness; and/or, 2) Failure to utilize adequate medical equipment to properly diagnose Plaintiff's illness; and/or, 3) Failure to utilize adequate medical equipment to be able to provide prompt, adequate, proper and complete medical treatment to Plaintiff; and/or, 4) Failure to adequately maintain medical equipment on the subject vessel to be able to provide adequate, prompt, complete and/or proper medical treatment to Plaintiff; and/or 5) Failure to train crew members to provide adequate, proper, prompt and/or complete medical treatment to Plaintiff; and/or 6) Failure to train crew members to properly diagnose illnesses, such as Plaintiff's illness; and/or 7) Failure to provide reasonably safe medical treatment and/or care.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task being performed;

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

21. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and

treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition Plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

22. Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one through eight as though they were originally alleged herein.

23. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

24. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until Plaintiff is declared to have reached maximum possible cure.  This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage which ever is longer.

25. Defendants willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and delayed providing the Plaintiff the level of cure that the Plaintiff needed so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendants is late in paying the maintenance and cure.

26. Defendants failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

27. Plaintiff re-alleges, incorporates by reference and adopts paragraphs one through eight as though originally alleged herein.

28. On or about the previously stated date, Plaintiff was employed by Defendants as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

29. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

30. Defendants through the ship's physicians and nurses negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendants not giving Plaintiff medical care in a timely manner after his initial illness; and/or,

b. Defendants not properly diagnosing Plaintiff's illness; and/or,

c. Defendants not providing prompt, proper, complete and adequate medical care to Plaintiff; and/or,

d. Defendants not referring and/or transporting Plaintiff to an onshore medical hospital for Plaintiff to receive prompt, proper, complete and adequate medical care for his illness.

31. As a direct and proximate result of Defendants(s') failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

32. This Count is alleged separately from Jones Act Negligence pursuant to <u>Joyce v. Atlantic Richfield Company</u>, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are rewardable]."

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V
## WAGES AND PENALTIES

33. Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one through eight as though originally alleged herein.

34. At all times material hereto, Plaintiff was employed as a seaman in the service of the vessel.

35. While in the service of the ship, Plaintiff performed all the work required of the plaintiff, and carried out the orders given by his superiors.

36. Plaintiff was discharged without any lawful, just or sufficient cause. At the time of Plaintiff's discharge, the vessel was in a port of the United States.

37. At the time of Plaintiff's discharge, Defendants did not pay Plaintiff all of his earned wages, including reimbursement of deductions previously made from Plaintiff's wages. Defendants have sole custody and control of plaintiff's wage records and personnel file. These documents are need by plaintiff to review to show exact dates and amounts with respect to earned wages owing to plaintiff and deductions made from such earned wages.

38. At the time of Plaintiff's discharge, Plaintiff demanded all his wages, including reimbursement of deductions made from Plaintiff's earned wages.

39. Defendants refused to pay Plaintiff all his earned wages, deductions, and two days wages for each day payment is delayed.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, wage penalties, attorney's fees and interest as permitted by law. Plaintiff also demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Attorney for Plaintiff
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 373-3016
Facsimile: (305) 373-6204
Email:ralsina@lipcon.com

By: ___*s/ Richard V. Alsina*___
    RICHARD V. ALSINA
    FL BAR NO 883182