UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21588-CIV-ALTONAGA/Simonton

ZELJKO PETROVIC,

      Plaintiff,
vs.

PRINCESS CRUISE LINES, LTD.,
d/b/a PRINCESS CRUISES, INC., *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Princess Cruise Lines, Ltd.'s ("Princess[']s") Motion to Dismiss . . . ("Princess's Motion") [ECF No. 15], filed May 25, 2012; and Defendants, Steiner Transocean Limited, Steiner Leisure Limited, and Steiner Transocean U.S., Inc.'s (collectively, "the Steiner entities[']" or "Steiner[']s") Motion to Dismiss . . . ("Steiner's Motion") [ECF No. 17], filed June 1, 2012. Plaintiff, Zeljko Petrovic ("Plaintiff"), filed a Complaint [ECF No. 1] against Defendants Princess and the Steiner entities, on April 26, 2012. Princess and the Steiner entities seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

On or about August 6, 2010, while working aboard the M/S Diamond Princess (the "Ship"), a vessel "owned, operated, managed, maintained and/or controlled" by Princess, Plaintiff was "injured . . . as a result of delayed, improper, incomplete, and/or inadequate medical

care and/or treatment" provided by Defendants.[1] (Compl. ¶¶ 5, 11; *see id.* ¶ 7). Specifically, on August 6, 2010, when the Ship was docked at a U.S. port, Plaintiff reported to the Ship's medical hospital after becoming ill. (*See id.* ¶¶ 7, 8). The Ship's medical personnel "diagnosed, treated and/or provided medical care" to Plaintiff, but the treatment he received was "inadequate, improper, incomplete, and delayed." (*Id.* ¶ 7). Such "negligent treatment aggravated Plaintiff's illness and/or injury(ies), which resulted in Plaintiff suffering permanent heart damage." (*Id.*). According to Plaintiff, his employer was "an agent of the shipowner and/or ship operator." (*Id.* ¶ 6).

Plaintiff alleges five counts against Defendants — negligence under the Jones Act (Count I), unseaworthiness (Count II), failure to provide maintenance and cure (Count III), failure to treat (Count IV), and wages and penalties (Count V) — and alleges additional, specific facts as to each claim.

As to Count I, Plaintiff asserts "[i]t was the duty of Defendants to use reasonable care when providing medical care and/or treatment to the Plaintiff," and that his "injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees." (*Id.* ¶¶ 10, 12). Examples of Defendants' failures include the "fail[ure] to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of his employment with Defendants"; "fail[ure] to follow sound management practices with the goal of providing Plaintiff a safe place to work"; and "fail[ure] to perform an adequate pre-employment physical on the Plaintiff . . . to be able to determine any dangers that

---

[1] Plaintiff does not specify in the Complaint who "Defendants" are. (*See e.g.*, Compl. 1 (asserting at the beginning of the Complaint, "Plaintiff sues Defendants . . . ," without defining the term "Defendants")). Construing the Complaint liberally, the Court infers "Defendants" refers to all named defendants, and uses that term throughout the Order consistent with this understanding.

the physical condition of the Plaintiff would subject the plaintiff to while in Defendants' employ." (*Id.* ¶ 12). According to Plaintiff, "Defendants knew of the foregoing conditions causing Plaintiff's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them." (*Id.* ¶ 14). Due to the "negligence of Defendants" (*id.* ¶ 15), Plaintiff suffered injuries such as physical and mental injuries, lost wages, lost past income, impaired working and earning capacity, and lost fringe benefits.

As to Count II, Plaintiff states he was a seaman and a crewmember of a vessel in navigable waters, "owned, managed, operated and/or controlled" by Princess. (*Id.* ¶ 18; *see id.* ¶ 17). He further asserts that "Defendants had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel," and that "[t]he vessel was unsafe and unfit due to [enumerated] conditions created by Defendants," including "[f]ailing to promulgate and/or enforce adequate policies and procedures for providing medical treatment and/or handling illnesses, such as Plaintiff's illness." (*Id.* ¶¶ 19, 20).

In Count III, Plaintiff states that "while in the service of the vessel as a crew member[,] [he] was injured." (*Id.* ¶ 23). Plaintiff alleges that under "General Maritime Law, he is entitled to recover maintenance and cure from Defendants . . . ." (*Id.* ¶ 24). Further, Plaintiff contends that because Defendants' delay and refusal to pay Plaintiff's "entire maintenance" was "willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman," he is entitled to attorney's fees. (*Id.* ¶ 26). Defendants' delay in providing maintenance and cure has also aggravated Plaintiff's condition. (*See id.*).

As to Count IV, Plaintiff states he was "employed by Defendants as a seaman and was a member of the vessel's crew," and the "vessel was in navigable waters." (*Id.* ¶ 28). According

to Plaintiff, "Defendants through the ship's physicians and nurses negligently failed to provide Plaintiff with prompt, adequate, and complete medical care." (*Id.* ¶ 30). Plaintiff states this is a separate claim from negligence under the Jones Act. (*See id.* ¶ 32).

Lastly, in Count V, Plaintiff states he was "employed as a seaman in the service of the vessel" (*id.* ¶ 34), and that "[w]hile in the service of the ship, Plaintiff performed all the work required of the plaintiff . . . ." (*Id.* ¶ 35). Plaintiff was then discharged "without any lawful, just or sufficient cause" (*id.* ¶ 36), and at the time of his discharge, "Defendants did not pay Plaintiff all of his earned wages . . . ." (*Id.* ¶ 37). Defendants have refused to pay Plaintiff "all his earned wages, deduction, and two days wages for each day payment is delayed." (*Id.* ¶ 39).

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue*

*Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III.  ANALYSIS

**A.     Princess's Motion**

Princess maintains all Counts should be dismissed against it due to Plaintiff's failure to meet *Twombly* and *Iqbal'*s "plausibility standard" and the "fair notice" requirement of Federal Rule of Civil Procedure 8.  Specifically, Princess contends that as the Complaint is "currently drafted[,] it is impossible . . . to determine which acts or omissions Plaintiff contends each party committed, and more specifically, which claims are directed toward Princess individually." (Princess's Mot. 1–2).  Princess emphasizes that the Complaint improperly "lump[s]" Princess and Steiner together as a "single entity" (*id.* 2), as Plaintiff fails to specify which claims are raised against Princess; rather, all of the claims are alleged against "Defendants."

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant.  *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).  Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  "Accordingly, at times, a plaintiff's 'grouping' of defendants in a complaint may require a more definite statement.  *George & Co. v. Alibaba.com, Inc.*, No. 2:10-cv-719-FtM-29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec. 13, 2011) (citations omitted).  Indeed, a complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their

conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *see also DeSisto Coll., Inc. v. Line*, 888 F.2d 755, 764 (11th Cir. 1989) (affirming the district court's decision to sanction plaintiff's counsel when the plaintiff's third amended complaint did not comply with the district court's order requiring the plaintiff to separate the counts for the defendants' actions taken in their individual capacity from those taken in their official capacity); *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01 CV 11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (dismissing complaint that did "not identify any particular defendant that committed any specific act of wrongdoing against plaintiff" because the complaint "simply attribute[d] the wrongful acts as being committed collectively by the seventeen defendants").

As a threshold matter, then, the Court must determine whether the pleading here satisfies Rule 8 or requires a "more definite statement." *George*, 2011 WL 6181940, at *2. The Court generally observes that Princess's characterization of the Complaint is accurate — Plaintiff alleges claims against "Defendants" without specifying factual allegations as to each defendant, and without identifying who the "Defendants" are. (*See* Compl. *passim*; *supra* n.1). Although Plaintiff contends that "[t]he Complaint creates no confusion simply because only two Defendants have been named[2] and have been described as having breached the same duties to Plaintiff which caused his injuries" (Resp. to Princess's Mot. 5 [ECF No. 19]), Plaintiff's own characterization of the Complaint demonstrates its inadequacies. For example, Plaintiff explains that he "filed a Complaint against *shipowner*, Princess Cruise Lines, Ltd. and *his employer(s)* (Steiner Transocean Limited, Steiner Limited and Steiner Transocean U.S., Inc.)" (*id.* 2 (emphasis added and citation omitted)), apparently drawing a distinction between the role of Princess and that of the Steiner entities. Yet, the Complaint repeatedly blurs this differentiation.

---

[2] The Court notes that four defendants have been named in this suit.

One instance is that the Complaint employs the term "Defendants" in its claim for unseaworthiness, which generally can only be lodged against a ship owner. *See, e.g.*, *Gatewood v. Atl. Sounding Co.*, No. 3:06-cv-41-J-32HTS, 2007 U.S. Dist. LEXIS 37484, at *15–16 (M.D. Fla. May 23, 2007) ("The doctrine of seaworthiness under general maritime law is the absolute duty of a *shipowner* to furnish a vessel reasonably fit for its intended purpose." (emphasis added)); *see also Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 181 (5th Cir. 1981) ("Both ship and shipowner are liable to seamen for injuries caused by unseaworthiness." (citing *The Osceola*, 189 U.S. 158, 175 (1903)) (other citation omitted)). Another instance is Plaintiff's assertion that he has sued Princess as a potential employer. (*See* Resp. to Princess's Mot. 6). And yet, Plaintiff does not identify any particular allegation in the Complaint supporting his position. (*See id.* 5).

Contrary to Plaintiff's contention that "[t]he Complaint creates no confusion," the Court finds that it certainly does. To illustrate, the Court examines the Complaint with respect to the minimum pleading requirements of Count I, Plaintiff's Jones Act claim. Under the Jones Act an "employer-employee relationship is essential to recovery." *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975) (citing *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783 (1949) (other citations omitted)); *see* 46 U.S.C. § 30104. Thus, to state a Jones Act claim against Princess, Plaintiff must allege Princess was his employer.[3]

The Complaint begins with eight paragraphs of general allegations. In paragraph five Plaintiff claims, "Defendant, PRINCESS CRUISES INC., owned, operated, managed, maintained and/or controlled the vessel M/S Diamond Princess." (Compl. ¶ 5). In paragraph six

---

[3] The allegation that a particular defendant was Plaintiff's employer is also critical to Plaintiff's claim for maintenance and cure. *See, e.g.*, *Mahramas v. Am. Exp. Isbrandtsen Lines, Inc.*, 475 F.2d 165, 172 (2d Cir. 1973) (upholding district court's dismissal of plaintiff's claims under the Jones Act and for maintenance and cure against a ship owner who was not her employer).

Plaintiff alleges "[a]t all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator." (*Id.* ¶ 6). Thus, in paragraph five Plaintiff asserts that Princess was the ship owner or the ship operator, and in paragraph six he alleges that Plaintiff's employer was an agent of Princess. Taken together, Plaintiff alleges his employer was an agent of Princess, but not Princess itself.[4]

Plaintiff contends, however, he "did not concede that Princess was not an employer of the Plaintiff. Paragraph 6 of the Complaint merely identifies the relationship between Princess and Steiner."[5] (Resp. to Princess's Mot. 5). Plaintiff adds that "[n]owhere in paragraph 6 does Plaintiff explicitly state that Princess Cruise Lines is not an employer of the Plaintiff." (*Id.*). The essence of Plaintiff's argument is that because he does not explicitly state that Princess was not his employer, Princess may still possibly be his employer. This hardly equates with an allegation that Princess was a potential employer of Plaintiff, nor is it sufficient post-*Iqbal* and post-*Twombly*. A complaint is not to be held sufficient for what it does not state, but rather what it actually asserts. *See Appalachian Enters.*, 2004 WL 2813121, at *7 (dismissing complaint for failure to satisfy the minimum pleading requirements of Rule 8, observing that "plaintiff pled a cause of action for breach of contract without even alleging the identity of its contracting party").

Plaintiff alternatively argues that long-standing maritime jurisprudence allows him to sue multiple Defendants as "alleged potential Jones Act employers." (Resp. to Princess's Mot. 6 (internal quotation marks omitted)). It appears that Plaintiff asserts that he need not allege who his employer was as that is for the finder of fact to determine under the "borrowed servant doctrine." (*Id.*). According to Plaintiff, without the aid of discovery, it is "impossible at this

---

[4] Moreover, Plaintiff does not allege that any of the Steiner entities was either Plaintiff's employer or the "agent" identified in paragraph six.

[5] None of the Steiner entities is named or referenced in paragraph six.

pleading stage to make a determination as to who was Plaintiff's employer."[6] (*Id*. 5). Yet, even if Plaintiff were correct that long-standing maritime jurisprudence allows him to sue multiple defendants as potential employers, such law does not address the inadequacies of the Complaint, which fails to allege that any, some, or all of the Defendants are potential employers with supporting facts making such allegation plausible.

For the foregoing reasons, the circumstances here fall squarely within the type of situation that compels a more definite statement, particularly because Plaintiff's "grouping" of Defendants in the Complaint creates confusion as to the identities of the alleged employer (or employers) and ship owner (or ship owners). *George*, 2011 WL 6181940 at *2. The nature of Plaintiff's allegations, and against whom they are lodged, must be made clear. Rule 8's fair notice requirement is intended to give defendants notice and the opportunity to respond to claims against them, *see Atuahene*, 10 F. App'x at 34, and it is not for the Court or the parties to "speculate as to the identity of the Defendants these allegations are levied against as the burden rests on the plaintiff[] to provide fair notice of the grounds for the claims made against each of the defendants." *VanZandt v. Okla. Dep't of Human Servs.*, 276 F. App'x 843, 849 (10th Cir. 2008) (citation and internal quotation marks omitted). Therefore, the Court grants Princess's Motion.[7]

**B. Steiner's Motion**

The Steiner entities raise the same "lumping" concern identified by Princess, stating: "[i]n each of Plaintiff's five counts, Plaintiff refers to all four defendants interchangeably as the

---

[6] Given that Princess filed its Motion on May 25, Plaintiff has had at least two months to explore this question in discovery.

[7] To the extent Princess raises additional grounds for dismissal, the Court declines to address them due to the foregoing deficiencies of Plaintiff's Complaint, and the clear expectation that Plaintiff will anticipate such additional grounds to be reasserted should he not include the necessary allegations in an amended complaint.

'Defendants.' None of the five counts expressly delineate whom Plaintiff is making the claim against." (Steiner's Mot. 3). The Court's reasons for granting Princess's Motion are similarly applicable here. Accordingly, Steiner's Motion is also granted.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Princess's Motion **[ECF No. 15]** and Steiner's Motion **[ECF No. 17]** are **GRANTED**.

2. The Complaint is dismissed without prejudice. Plaintiff may file an amended complaint by **July 30, 2012**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record